IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KIM HUNTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. _____ |
| | ) |
| DINO21 LLC d/b/a TEESHIRT 21, and | ) **DEMAND FOR JURY TRIAL** |
| TEEREX PRINTING, INC., | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff Kim Hunter ("Hunter") by and through her undersigned counsel, brings this Complaint against Defendants Dino21 LLC doing business as Teeshirt 21 ("Teeshirt 21") and Teerex Printing, Inc. ("Teerex") for damages and injunctive relief, and in support thereof states as follows:

**NATURE OF THE ACTION**

1.  This is a civil action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Hunter's original copyrighted works.

**PARTIES**

2.  Hunter is a contemporary Canadian artist and illustrator who has been winning awards and notoriety since her first juried art show at the age of seven. Entirely self-taught, Kim was selling her art by the age of 14. At 18 years old, she started travelling, selling her work, and freelancing throughout Canada. In 1990, at the age of 20, she returned to Vancouver, British Columbia, where she has forged a reputation worldwide and where she makes a living from her art.

3. The passion and diligence of Hunter's remarkable talent speaks for itself. The collection of patrons and projects attributed to Hunter's art collection is incredibly immense and diverse, covering a variety of disciplines, styles, and mediums. Over the past few years, Hunter's focus has been on paintings, murals, portraits, commercial art, instruction, and conservation through art efforts. This talented artist is versed in various mediums, such as paintings (oils, watercolor, tempura, and acrylic), sculptures (clay, bronze, and polymer), and other processes (Papier Mache and Plaster of Paris), as well as web and commercial design, branding, animation, crafts, and instruction.

4. Unfortunately for Hunter, the internet has decimated her ability to earn a livelihood from her art. Her work is inherently beautiful and easily copied online. This has led to rampant infringement by individuals and businesses who have copied, used and sold Hunter's creative works for commercial purposes, and forced Hunter and other artists to turn to the courts and copyright law to ensure they receive a fair price for their creative works.

5. In an effort to earn a living from her creativity, Hunter has chosen to do business with a select few print-on-demand websites where she sells authorized apparel. These websites include Spreadshirt, Zazzle, Café Press, and several others. Hunter carefully polices these websites for infringement. Furthermore, Hunter has never licensed the images or works that she has created for commercial sale on apparel and has retained all rights and control of those images and works, which include the work at issue in this case.

6. Dino21 LLC is a Delaware corporation with its principal place of business at 200 Continental Drive, Suite 401, Newark, DE 19713, and can be served by serving its Registered Agent, Harvard Business Services, Inc., 16192 Coastal Highway, Lewes, DE 19958.

7.  Teerex is a California corporation with its principal place of business at 1341 Galaxy Way, Suite G, Concord, CA 94520, and it can be served via its Registered Agent, Yen Doan, at the same address.

8.  Teeshirt 21 sells "print on demand" shirts and other apparel on the internet at www.teeshirt21.com. According to its website, "Teeshirt 21 is home to millions of crowd-sourced designs from independent designers all over the world. . . With hundreds of new designs being uploaded every hour, you can always find something new, express yourself with trending topics, seasonal items, or the perfect gifts." Hunter alleges that many of these "independent designers" are not designers at all but infringers who use Teeshirt 21 as a means to market and sell their infringing goods, and in the process Teeshirt 21 copies, displays, and distributes Hunter's works for profit.

9.  Teerex is a t-shirt printing company that provides services, including t-shirt printing, shipping, and order fulfillment, to print-on-demand websites like Teeshirt 21.

10. Hunter alleges that Teeshirt 21 and Teerex copied Hunter's copyrighted works from the internet in order to advertise, market, promote their business activities, and sell apparel for profit.  Teeshirt 21 and Teerex committed the violations alleged in connection with Teeshirt 21's and Teerex's business for purposes of advertising and promoting sales to the public in the course and scope of the Teeshirt 21's and Teerex's business.

## JURISDICTION AND VENUE

11. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

12. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

13. This Court has personal jurisdiction over Dino21 LLC because it is a Delaware corporation with its place of business in Delaware.

14. This Court has personal jurisdiction over Teerex because Teerex operates and maintains an interactive website such that, upon information and belief, it conducts business in Delaware and has had continuous and systematic contacts with the State of Delaware and this district.

15. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400(a) because the events giving rise to the claims occurred in this district, Teeshirt 21 and Teerex engaged in infringement in this district, Teeshirt 21 resides in this district, and Teeshirt 21 and Teerex are subject to personal jurisdiction in this district.

## THE COPYRIGHTED WORK AT ISSUE

16. In 2005, Hunter created a photo illustration entitled Canada Maple Leaf Souvenir, which is shown below (hereinafter, the "Work" or "Work at issue").



17. Hunter registered the Work with the Register of Copyrights on September 13, 2017 and was assigned the registration number VA 2-069-119. The Certificate of Registration is attached hereto as Exhibit 1.

18. Hunter's Work is protected by copyright but is not otherwise confidential, proprietary, or trade secrets.

19. At all relevant times, Hunter was the owner of the copyrighted Work at issue.

## INFRINGEMENT BY DEFENDANTS

20. Teeshirt 21 and Teerex have never been licensed to use the Work at issue in this action for any purpose.

21. On a date after the Work was created, but prior to the filing of this action, Teeshirt 21 and Teerex copied the Work. Attached hereto as Exhibit 2 are images and documents showing a t-shirt ordered from Teeshirt 21 and shipped by Teerex with an unauthorized copy of the Work on the shirt.

22. Teeshirt 21 and Teerex copied Hunter's copyrighted Work without Hunter's permission.

23. After Teeshirt 21 and Teerex copied the Work, both made further copies, displayed, and distributed the Work on the internet via shirts and other apparel and promoted the sale of goods and services as part of their print-on-demand business models.

24. Teeshirt 21 and Teerex copied and distributed Hunter's copyrighted Work in connection with their businesses for purposes of advertising and promoting their businesses, and in the course and scope of advertising and selling products and services.

25. Hunter's Work is protected by copyright but is not otherwise confidential, proprietary, or trade secrets.

26. Hunter never gave Teeshirt 21 or Teerex permission or authority to copy, distribute, or display the Work at issue.

27. Teeshirt 21 and Teerex are not registered with the Register of Copyright's Digital Millennium Copyright Act Agent Directory.

28. Teeshirt 21 and Teerex are not entitled to safe harbor or other defense pursuant to 17 U.S.C. § 512.

## COUNT I
## COPYRIGHT INFRINGEMENT

29. Hunter incorporates the allegations of paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30. Hunter owns a valid copyright in the Work at issue in this case.

31. Hunter registered the Work with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

32. Teeshirt 21 and Teerex copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Hunter's authorization in violation of 17 U.S.C. § 501.

33. Teeshirt 21 and Teerex performed the acts alleged in the course and scope of their business activities.

34. Teeshirt 21 and Teerex's acts were willful.

35. As a result of Teeshirt 21 and Teerex's conduct, Hunter has suffered harm and loss; thus, she has been damaged.

36. The harm caused to Hunter has been irreparable.

WHEREFORE, Hunter prays for judgment against Teeshirt 21 and Teerex that:

a. Teeshirt 21 and Teerex and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

b. Teeshirt 21 and Teerex be required to pay Hunter for her actual damages and profits attributable to the infringement, or, at Hunter's election, statutory damages, as provided in 17 U.S.C. § 504;

c. Hunter be awarded her attorneys' fees and costs of suit under the applicable statutes sued upon for the Work; and

d. Hunter be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Hunter hereby demands a jury trial on all issues so triable.

MORRIS, NICHOLS, ARSHT &TUNNELL LLP

*/s/ Michael Flynn*

_____

OF COUNSEL:

Joel B. Rothman
Joseph A. Dunne
Meir Teitelbaum
SRIPLAW
21301 Powerline Road, Suite 100
Boca Raton, Florida 33433
(561) 404-4350

February 18, 2020

Michael Flynn (#5333)
Michelle Streifthau-Livizos (#6584)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
mflynn@mnat.com
mstreifthau-livizos@mnat.com

*Attorneys for Plaintiff*